PEREZ LAW OFFICES
Anthony M. Perez, Jr., SB# 113041
455 Capitol Mall, Suite 225
Sacramento, California 95814
Telephone: (916) 441-0500
Facsimile:  (916) 441-0555

E Mail Address:   aperez@perezlawoffices.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JARRID J. WHITLEY, on behalf of himself, and others similarly situated,

           Plaintiff,

           v.

SIEMENS INDUSTRY, INC. also doing business as and referred to as SIEMENS USA, SIEMENS CORPORATION, and SIEMENS,
AND DOES I-100, inclusive,

           Defendant.

Case No.

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES

1. **FAILURE TO PROVIDE MEAL AND REST PERIODS**
   [California Labor Code §226.7 and §512]

2. **FAILURE TO FURNISH ACCURATE AND TIMELY WAGE AND HOUR STATEMENTS**
   [California Labor Code §226

3. **CONVERSION**

4. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**DEMAND FOR JURY TRIAL**

Plaintiff, JARRID J. WHITLEY, alleges:

## I. INTRODUCTION

1. This is a class action brought by Plaintiffs JARRID J. WHITLEY, (hereinafter referred to as "WHITLEY") on behalf of himself and others similarly situated, whom have sustained injuries or damages arising out of the conduct of Defendants, SIEMENS INDUSTRY, INC., (hereinafter referred to collectively as SIEMENS) and DOES 1 through 100, in deliberately violating the wage and hour laws of the State of California by failing to provide their non exempt employees with meal and rest periods as required by the Orders of the California Industrial Welfare Commission and California Labor Code § 226.7.

2. This Class Action Complaint specifically asserts causes of action for Failure to Provide Meal and Rest Periods as required by Wage Orders of the Industrial Welfare Commission, California Labor Code § 226.7 and § 512, *inter alia;* Failure to Furnish Accurate and Timely Wage and Hour Statements (California Labor Code § 226); Conversion; and Unfair Business Practices in Violation of California Business and Professions Code §17200, et seq.

3. Plaintiffs petition this Court to allow them to represent and prosecute claims against Defendants in class action proceedings on behalf of those similarly situated who are or were non-exempt hourly employees of SIEMENS during the class period, as defined below.

## II. JURISDICTION AND VENUE

4. Plaintiff WHITLEY is an individual and resident of the State of California, County of Sacramento. The amount in controversy collectively for all members of the Plaintiffs Class exceeds the minimum jurisdictional limits of this Court. Plaintiff, WHITLEY is a former employee of SIEMENS, and underwent SIEMENS training and provided services to SIEMENS in Sacramento County, California. Statutory violations occurred in Sacramento County, California. SIEMENS is a Delaware Corporation with offices in Sacramento, California,

employing hundreds of California residents in various capacities. Plaintiffs are informed and believe, and thereon allege, that between ninety (90) to one-hundred (100) percent of Class Members presently reside in the State of California. This Court has jurisdiction over this action under the Class Action Fairness Act (CAFA) 28 U.S.C. §1332 (d), §1141 (b), and §1446. CAFA grants district courts jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332 (d). The amount in controversy exceeds $10,000,000. The class size is approximately between 300 to 600 present and former employees. Plaintiff and Defendant are citizens of different states.

5. Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §1391 because Defendants are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District. At all relevant times Defendants maintained offices and facilities in Sacramento County, California, and committed the wrongful conduct against members of the class in Sacramento County, California.

### III. PARTIES

6. Plaintiff, WHITLEY, is a former employee of SIEMENS. Plaintiff WHITLEY was employed as a Fitter/Welder II, SIEMENS Plant located at 7464 French Road, Sacramento, California where hundreds of employees similarly situated are employed. He was trained in and also performed services in Sacramento County, California.

7. Defendants SIEMENS is the U.S. Affiliate of Siemens Global Industry Sector Business - the world's leading supplier of production, transportation and building technology solutions. It is a Delaware Corporation. It has a place of business for its Industry Sector located at 7464 French Road, (Plant) Sacramento, California. The SIEMENS plant has its own budget and operational structure and is authorized to engage in business in California and fully comply with California law.

8. DOES 1 through 100 are corporations. Plaintiffs are informed and believe, and thereon allege that there exists such a unity of interest and ownership between SIEMENS and DOES 1 through 100 that the individuality and separateness of these Defendants have ceased to exist. The business affairs of SIEMENS and DOES 1 through 100 are, and at all times relevant hereto were, so mixed and intermingled that the same cannot be reasonably segregated, and the same are in inextricable confusion. SIEMENS and DOES 1 through 100 are, and at all times relevant hereto, were used by SIEMENS as mere shells and conduits for the conduct of certain of SIEMENS' affairs. The recognition of the separate existence of these entities would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiffs. Accordingly, these Defendants are merely the alter egos of SIEMENS, and the fiction of their separate existence must be disregarded.

9. Plaintiffs are informed and believe, and thereon allege that at all relevant times herein, all Defendants were the agents, employees, and/or servants, masters or employers of the remaining Defendants, and in doing the things alleged in this Complaint, were acting in the course and scope of such agency or employment, and with the approval and ratification of the each of the other Defendants.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Plaintiffs will amend this Complaint to show the Defendants' true names and capacities when the same have been ascertained. Plaintiffs allege, upon information

and belief, that each of the Defendants, and DOES 1 through 100, inclusive, are legally responsible in some manner negligently, in warranty, strictly, intentionally, or otherwise, for the events and happenings herein referred to, and each of the Defendants proximately caused injuries and damages to Plaintiffs as herein alleged.

11. SIEMENS has a Plant in Sacramento, California, employing hundreds of California residents in various capacities. Plaintiffs are informed and believe, and thereon allege, that between ninety (90) to one-hundred (100) percent of Class Members presently reside in California.

12. Plaintiffs are informed and believe, and thereon allege, that each and every of the acts and omissions alleged herein were performed by, and are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts or failures to act were within the course and scope of said agency, employment, and/or direction and control.

13. As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs have suffered, and continue to suffer from loss of earnings in amounts as of yet ascertained, but subject to proof at the time of trial, in amounts in excess of the jurisdiction of this Court.

## IV. CLASS ACTION DESIGNATION

14. Plaintiffs bring this class action on behalf of themselves as well as all other Plaintiffs/Class Members similarly situated, with Plaintiffs proceeding as the representative members of the proposed class, defined as follows (the "Class Members"):

> All current and former non-exempt hourly California employees of SIEMENS who are or have been, within the last four (4) years and continuing while this action is pending (the "Class Period"), employed in SIEMENS establishments who have been subjected to some or all of the following practices:
>
> (1) denied lawfully required second meal breaks and/or rest periods based on an extended daily work schedule;
>
> (2) deprived of accurate and timely wage and hour statements; and
>
> (3) subjected to the unfair business practices of Defendants.

15. The class of said persons within the State of California is so numerous that joinder

of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court.

16. Named Plaintiffs are informed and believe, and thereon allege, that SIEMENS employed at any one time several hundred non-exempt hourly employees ("Class Members") in the State of California during the Class Period.

17. Though the exact number and identity of class members are not presently known, they can best be identified through coordinated discovery pursuant to this class action.

18. There are common questions of law and fact arising out of Defendants' conduct, as described herein, as well as its continued practice of engaging in illegal payroll, wage and hour and break policies as to all members of the class. The action focuses on Defendants' systematic course of illegal payroll practices or policies, which was and is applied to all nonexempt hourly employees who are members of the class set forth in this Complaint, in violation of the California Industrial Wage Commission Wage Orders, the California Labor Code, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

19. Furthermore, such common questions of law and fact predominate over any question affecting only individual members of the class.

20. The predominating common questions of law and fact include the following:

   (a) Defendants' violations of California Industrial Welfare Commission Wage Orders and California Labor Code Sections in failing to provide employees with meal and rest periods;

   (b) Defendants' violations of California Industrial Welfare Commission Wage Orders and California Labor Code Sections in failing to provide employees with accurate and timely wage and hour statements; and

   (c) Unfair business practices in violation of California law.

21. The defenses of Defendants, to the extent that any such defense is applied, are applicable generally to the whole class and are not distinguishable in individual claims.

22. The claims of the representative Plaintiffs herein are typical of the claims of the members of the class as a whole, all of whom have sustained and/or will sustain damages, including irreparable harm, as a proximate or legal result of the common course of conduct of Defendants as complained of in this Class Action Complaint. The claims of the named Plaintiffs are typical of the class because Defendants subjected these non-exempt hourly employees to the identical violations of the California Industrial Welfare Commission Wage Orders the California Labor Code, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations.

23. Plaintiffs, on behalf of themselves, and all others similarly situated, will fairly and adequately protect the interests of all members of the class, in connection with which they have retained attorneys experienced in the prosecution of multi-party and class action employment cases. The named Plaintiffs are able to fairly and adequately protect the interests of all members of the class because it is in their best interests to prosecute the claims herein alleged to obtain full compensation due to them for violations of California wage and hour laws and the California Business and Professions Code.

24. Under the facts and circumstances set forth above, class action proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each class member who is, or in the past was, an SIEMENS hourly employee, who did not receive compensation for missed meal and rest periods, inasmuch as joinder of individual members of the class is not practical, said class members could not individually afford the litigation, such that individual litigation would be inappropriately burdensome, not only to said citizens, but also to the Courts of the State of California.

25. To process individual cases would increase both the expenses and the delay not only to class members, but also to SIEMENS and the Court. In contrast, a class action of this matter will avoid case management difficulties and provide multiple benefits to the litigating

parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

26. Notice of the pendency and of any result or resolution of the litigation can be provided to class members by the usual forms of publication or such other methods as deemed appropriate by the Court.

27. Without Plaintiffs class certification, the prosecution of separate actions by individual members of the Plaintiffs class would create the risk of:

   (a) Inconsistent or varying adjudications with respect to individual members of the Plaintiffs class that would establish incompatible standards of conduct for the Defendants; and/or

   (b) Adjudications with respect to the individual members of the Plaintiffs class that would, as a practical matter, be disparities of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

Defendants have acted or refused to act in numerous aspects generally applicable to the whole class, thereby making final injunctive relief appropriate with regard to members of the class as a whole.

## V. CLASS ACTION ALLEGATIONS

28. Plaintiff, WHITLEY is a former non-exempt hourly employee of SIEMENS.

29. SIEMENS has demonstrated a pattern and practice of failing to provide meal and rest periods to its hourly employees, and has failed to compensate these employees with one hour of pay, as required by California Labor Code § 226.7. Meal and rest periods are required under Orders of the California Industrial Welfare Commission and the California Labor Code.

30. SIEMENS partially as a result of failing to compensate its employees for one (1) hour of pay for each day a meal or rest period was required but not provided, failed to provide the

Plaintiffs and Class Members with accurate and timely wage and hour statements as required by law.

31.  SIEMENS regularly required its non exempt employees, including but not limited to, welders, assemblymen, painters, blasters, transportation crew members, sub-assembly crew members, to work shifts of ten (10) hours or greater without providing non exempt employees a second meal break and rest period under the law. During this time, SIEMENS did not have a policy concerning second meal breaks and rest periods for extended daily work schedules, forced non exempt employees to work without a second meal break and additional rest periods in non compliance with California Labor Code Sections, refused to relieve non exempt employees for second meal break and subsequent rest periods, and did not obtain appropriate waivers from non exempt employees. Prior to late 2013, Defendants failed to inform employees of their right to take a second meal break and Defendants failed to accurately inform employees of the specific times they were entitled to take meal breaks and rest breaks.

## VI. PLAINTIFFS' CLAIMS

### FIRST CAUSE OF ACTION
**Failure to Provide Meal and Rest Periods to Non-Exempt Hourly Employees**
**California Labor Code § 226.7 and § 512**
**(Against all Defendants)**

32.  Plaintiffs hereby re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 31. This cause of action is pled against all Defendants.

33.  During the Class Period, Defendants routinely failed to provide the Class Members, including Plaintiffs, with meal and rest periods during their work shifts, and failed to compensate the Class Members, including Plaintiffs, for said meal and rest periods, as required by California Labor Code § 226.7 and §512; Wage Orders of the California Industrial Welfare Commission;

and other applicable regulations, statutes, and Wage Orders comprising California wage and hour laws.

34. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the meal and rest period requirements under California wage and hour law.

35. The Class Members, including Plaintiffs, have been deprived of their rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. The Class Members, including Plaintiffs, are entitled to recover such amounts pursuant to California Labor Code § 226.7(b), plus interest thereon, attorney's fees and costs.

36. In committing the foregoing acts, Defendants were guilty of malice fraud, and oppression, and in addition to the actual damages caused thereby, Class Members are entitled to recover damages for the sake of example and by way of punishing Defendants.

WHEREFORE, Plaintiffs pray judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Failure to Furnish Accurate and Timely**
**Wage and Hour Statements in Violation of**
**California Labor Code § 226**
**(Against All Defendants )**

37. Plaintiffs hereby re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 36. This cause of action is pled against all defendants.

38. During the Class Period, Defendants failed to provide the Class Members, including Plaintiffs, with accurate and timely wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member. Defendants also failed to itemize in wage and hour statements, the hour of pay owed to Plaintiffs and Class Members for each day a lawfully required meal or rest period was not provided.

39. As alleged herein, the Class Members, including Plaintiffs, are not exempt from the requirements of California wage and hour law.

40. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code § 226. And other applicable California wage and hour laws, Wage Orders of the California Industrial Welfare Commission; and other applicable regulations, statutes, and Wage Orders comprising California wage and hour laws.

41. In committing the foregoing acts, Defendants were guilty of fraud, malice, and oppression, and, in addition to the actual damages caused thereby, Class Members are entitled to recover damages for the sake of example and by way of punishing Defendants.

WHEREFORE, Plaintiffs pray judgment as set forth below:

### THIRD CAUSE OF ACTION
### Conversion
### (Against All Defendants)

42. Plaintiffs hereby re allege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 41. This cause of action is pled against all Defendants.

43. Pursuant to statutes, regulations and Wage Orders, including, but not limited to, California Labor Code § 226.7 and §512, employers such as the Defendants must provide meal and rest periods, or pay one (1) hour of wages for each day these periods are not provided, on the next payday following the violation.

44. Defendants failed and refused to provide meal and rest periods and to provide the one (1) hour of wages due as a result said failure and refusal. Plaintiffs and the Class Members were owed these wages on the next payday after they earned such wages.

45. At the time wages were due and payable by Defendants to Plaintiffs and the Class members, the unpaid wages became the property of Plaintiffs and the Class Members. Plaintiffs

and the Class Members had a right to possess their property. By failing to pay the earned wages to Plaintiffs and each Class Member when due, Defendants wrongfully converted the property to their own use.

46. The amount of wages owed to Plaintiffs and each Class Member is specific and certain based on the number of missed meal and rest periods. The specific sum owed to each Plaintiffs and each Class Member is capable of identification, as payroll records will identify the number of missed meal and rest periods multiplied by each Class Member's rate of pay.

47. By failing to pay the wages on the appropriate payday and retaining the sums earned by Class Members, Defendants wrongfully exercised dominion and control over Plaintiffs' and the Class Members' property. Once Defendants thereafter applied the monies to their own use the conversion was complete. Plaintiffs and the Class Members have been damaged in an amount for each Class Member according to proof. In failing to pay the lawfully required compensation to each Class Member, and retaining the wages for their own use, Defendants have acted with fraud, malice, oppression, and/or conscious disregard for the statutory rights of Plaintiffs and Class Members. Such wrongful and intentional acts, given the number of victims and the number of acts, justify an award of punitive damages.

WHEREFORE, Plaintiffs pray judgment as set forth below.

### FOURTH CAUSE OF ACTION
**Violation of California Business and Professions Code § 17200, et seq.**
**(Against all Defendants)**

48. Plaintiffs hereby re-allege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 47. This cause of action is pled against all Defendants.

49. Defendants' conduct constitutes unfair business practices, as defined in Section 17200, et seq. of the California Business and Professions Code. This Court has authority, pursuant to Section 17203 of the Business and Professions Code, to "make such orders...as may be necessary to restore to any person in interest any money or property, real or personal, which

may have been acquired by means of such unfair competition." Moreover, this Court possesses the inherent power to craft such injunctive relief as may be necessary to protect the interests of the parties, pending trial of this matter on the merits.

50. Defendants' violations of California wage and hour laws constitute unfair business practices because they were done repeatedly over a significant period of time, and in a systematic manner to the detriment of Plaintiffs.

51. For the four (4) years preceding the filing of this action, as a result of Defendants' unfair business practices, Plaintiffs have suffered damages, and request damages and/or restitution of all monies to Plaintiffs in an amount according to proof at the time of trial. Plaintiffs further seek a temporary, preliminary and/or permanent order providing for equitable and injunctive relief enjoining Defendants from pursuing the policies, acts, and practices complained of herein.

WHEREFORE, Plaintiffs prays judgment as follows:

1. For general damages;

2. For nominal damages;

3. For compensatory damages;

4. For statutory penalties pursuant to California Labor Code §226 and §226.7;

5. For waiting time penalties pursuant to California Labor Code §203;

6. For restitution of all monies due to Plaintiffs from the unlawful business practices of Defendants;

7. For reasonable attorneys' fees and costs, pursuant to California Labor Code §218.5 and §226;

8. For interest accrued to date pursuant to California Labor Code §218.6 and California Civil Code §3287 and §3288;

9. For punitive damages pursuant to California Civil Code §3294; and

10. For all such other and further relief as the Court may deem just and proper.

DATED: Jan 15, 2014            PEREZ LAW OFFICES

_____
ANTHONY M. PEREZ, JR.
Attorney for Plaintiff JARRID J. WHITLEY

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: Jan 15, 2014.            PEREZ LAW OFFICES

_____
ANTHONY M. PEREZ, JR.
Attorneys for Plaintiffs, JARRID J. WHITLEY