1 | GREGORY G. ISKANDER, Bar No. 200215
2 | LITTLER MENDELSON, P.C.
   | Treat Towers
   | 1255 Treat Boulevard
3 | Suite 600
   | Walnut Creek, CA  94597
4 | Telephone:     925.932.2468
   | Facsimile:      925.946.9809
5 | giskander@littler.com

6 | Attorneys for Defendant
   | SIEMENS INDUSTRY, INC.
7 |
   | PEREZ LAW OFFICES
8 | ANTHONY M. PEREZ, JR., Bar No. 113041
   | 455 Capitol Mall, Suite 225
9 | Sacramento, California 95814
   | Telephone:     916.441.0500
10 | Facsimile:      916.441.0555
   | aperez@perezlawoffices.com
11 |
   | Attorneys for Plaintiff
12 | JARRID J. WHITLEY

13

14 | UNITED STATES DISTRICT COURT

15 | EASTERN DISTRICT OF CALIFORNIA

16 | SACRAMENTO DIVISION

17

18 | JARRID J. WHITLEY, on behalf of himself, and others similarly situated,

No.  2:14-cv-00099-MCE-DAD

19 | Plaintiff,

**STIPULATED PROTECTIVE ORDER FOR MEDIATION AND ORDER**

20

21 | v.

22 | SIEMENS INDUSTRY, INC., also doing business as and referred to as SIEMENS USA, SIEMENS CORPORATION, and SIEMENS, AND DOES 1- 100, inclusive,

23

24 | Defendant.

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**STIPULATION RE: PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and subject to the approval of this Court, Plaintiff and Defendant hereby stipulate and agree to the following Agreed Protective Order ("Order") to govern documents and information produced pursuant to this Order:

      **1.**      **Purpose and Intent of Production of Documents**

In an effort to facilitate mediation of this matter, Plaintiff and Defendant (the "Parties") agree that the production of certain categories of documents and information described in this Order is necessary to allow an accurate assessment of the Parties' respective settlement and mediation positions. The Parties agree the documents and information produced pursuant to this Order are not intended to substitute for documents or information requested through discovery and are being provided solely for the purpose of mediation. Moreover, by providing such documents and information, the Parties do not waive any objection(s) they have made or may make to the production of these documents or information through formal discovery methods, including those provided by the Federal Rules of Civil Procedure.

      **2.**      **Scope of Protective Order**

The documents and information produced at or in preparation for mediation in this action reflect, or may reflect, confidential trade secrets or confidential financial, commercial, proprietary, personnel or personal information of the parties and non-parties. This Order shall be applicable to and limit the use and disclosure of confidential information and documents disclosed by the Parties at or for mediation.

For purposes of this Order, "confidential information" means the originals and copies of business or financial records, documents containing trade secrets or proprietary information, personnel records, medical records and any other writing as defined by Federal Rule of Civil Procedure 34(a)(a)(A) reflecting confidential, commercial, medical or personal information that counsel for any of the stipulating parties has in good faith designated as confidential, and also included in the definition of "confidential information" is the information on said records or documents and other information that counsel for any of the stipulating parties has in good faith designated as confidential. No information shall be claimed to be confidential unless counsel making

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

the claim has a reasonable, good faith belief that the information meets the criteria specified above. Once so designated, confidential documents, records and information shall be subject to the protection of this Order unless such protection is expressly waived in writing by all of the stipulating parties or to the extent the Court rules that information, a document, or a record shall not be subject to this Order. Receipt of the same or similar information from a separate or different source or document does not remove the information, document(s) and/or record(s) designated as confidential from the protection of this Order.

**3.     Time and Manner of Designation**

Counsel may designate documents, writings or information as confidential at the time of the production of the information, documents or other writings. Documents shall be designated confidential by placing the word "confidential" in red (if readily available) on the document or by identifying the document or information as confidential in writing to all counsel.

**4.     Limits on Disclosure and Use**

Documents and information designated confidential pursuant to this Order shall not be disclosed to any person except that documents and information designated confidential may be disclosed to the following persons and entities, provided that to do so is necessary for legitimate purposes related to this mediation and done in good faith:

(a)     The individual parties, including employees and officers of the corporate party;

(b)     Counsel for the parties hereto, and their clerks, secretaries, paralegals and investigators;

(c)     Defendant's in-house counsel, including its clerks, secretaries, paralegals, clerical and support personnel working with or under the supervision of in-house counsel;

(d)     Testifying or consulting expert witnesses retained for the mediation;

(e)     Contract or temporary personnel engaged by and working under the supervision of the Parties' counsel to the extent reasonably necessary to render professional services in this action;

(f)     Such additional persons as agreed to by the parties in writing;

(g)     The mediator.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

When one party has designated information as confidential, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. All counsel shall advise persons receiving designated confidential information in this action of this Order and secure their representation in writing to maintain such information in a confidential manner, as set forth in Exhibit A.

**5.      Use and Prohibited Uses of Provided Documents and Information**

The Parties agree that the documents being produced under this Order will not be copied, otherwise recorded, or disclosed for any purpose other than for the scheduled mediation on May 6, 2014.  The Parties agree that these documents are only being turned over for the limited purpose of review in connection with this mediation. The Parties will meet and confer in good faith after mediation as to their use in discovery. If a Party provides confidential documents or information to a testifying or consulting witness retained for the mediation, it shall be that party's obligation to recover and return those documents and that information to the producing party as provided in this section.

**6.      Access to Information**

Documents and information provided pursuant to this Order shall be treated in accordance with the provisions of this Order by all persons to whom such information may be disclosed. In addition, except for counsel representing the Parties, each person who is authorized by this Order to inspect or have access to the documents or information provided pursuant to this Order shall sign the form annexed to this Order as Exhibit "A." The signed forms shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after mediation has concluded.

**7.      Reservation of Rights**

This Order is intended to facilitate efficient mediation between the Parties and is not intended to alter resolution of any substantive issue or to affect the Parties' substantive or procedural rights.

**8.      Amendment**

This Order may be amended by written agreement of counsel for the Parties.

/////

4.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**9.    No Waiver of Privilege**

The provision of documents and information pursuant to this Order does not waive any privilege that may apply to the information contained in the documents.

**IT IS SO STIPULATED:**

DATED: March 18, 2014              */S/ Gregory  G. Iskander*_____
                                   Gregory G. Iskander
                                   Littler Mendelson, P.C.

DATED: March 18, 2014              */S/ Anthony M. Perez*_____
                                   Anthony M. Perez
                                   Perez Law Offices

I, the filer of this document, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: March 18, 2014              */S/ Gregory G. Iskander*_____
                                   Gregory G. Iskander, Esq.

### <u>ORDER</u>

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated:  March 19, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\whitley0099.spo.docx

5.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6.

**Exhibit A**

**NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

(1)     I have had the opportunity to review and have reviewed the Stipulated Mediation Protective Order in this action, *Jarrid Whitley v. Siemens Industry Inc. United States District Court, Eastern District, Sacramento Division, Case No. 2:14-CV-00099-MCE-DAD.*

(2)     I hereby agree to comply with and be bound by the terms and conditions of said Protective Order and will not disclose any Confidential Information to any third person.

(3)     When asked to do so, I agree to promptly return all Confidential Information to the party that provided it to me.


DATED:_____                    _____

                                                                    [Print Name]


                                                                    _____

                                                                    [Sign Name]

Firmwide:125978818.1 070784.1012

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.