**PEREZ LAW OFFICES**
Anthony M. Perez, Jr. (SBN 113041)
455 Capitol Mall, Suite 225
Sacramento CA 95814
Telephone: (916) 441-0500
Facsimile: (916) 441-0555
email: aperez@perezlawoffices.com

Attorney for Plaintiff
JARRID WHITLEY, on behalf of himself
and others similarly situated

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JARRID WHITLEY,<br>on behalf of all others similarly situated,<br><br>                               Plaintiff,<br>v.<br><br>**SIEMENS INDUSTRY, INC., also doing business as and referred to as SIEMENS USA, SIEMENS CORPORATION, and SIEMENS, and DOES 1-100, inclusive,**<br><br>                               Defendants. | Case No.: 2:14-CV-0099 MCE-DAD<br><br>**DECLARATION OF ANTHONY M. PEREZ, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:    October 1, 2015<br>Time:   2:00 p.m.<br>Judge:  Hon. Morrison C. England, Jr.<br>Courtroom: 7 |

I, ANTHONY M. PEREZ, JR., declare as follows:

1. That I have been practicing law for approximately 30 years and am licensed to practice before this Court. I am the principle attorney at Perez Law Offices. My practice focuses primarily in employment law and I have litigated numerous wage and hour class actions throughout California, including before the United States District Court, Eastern District of California. My office has received preliminary and final approval on California employee class settlements throughout California and from this court. All settlements we have obtained have

---
DECLARATION OF ANTHONY M. PEREZ, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
1

resulted in substantial payments to class members and to the satisfaction of the courts giving final approval in those cases.

2. I have had numerous jury trials throughout California and have been involved in representing multiple class members for many years. Many of my referrals come from other well-known defense law firms who have either litigated against me or know my reputation in the community. I have been Lead Counsel in class action litigation filed and certified as a class with class settlement in the United States District Court, Eastern District of California; United States District Court, Northern District of California; Los Angeles County Superior Court; and Alameda County Superior Court. Further, I was the Lead Counsel in *Schroeder v. BOE*, a 31-plaintiff environmental tort case alleging fraudulent concealment (Lab. Code, § 3602, subd. (b)(2)), claims litigated for four years and settled confidentially. I have over 30 years' experience in employment-related claims, including Labor Code section 3602, subdivision (b)(2) claims. I have been lead counsel on jury trials throughout California including two before this Court. I have been selected for several years to Northern California Super Lawyers and other acclaimed Associations nationally. I have tried cases throughout California. Currently as Lead Class Counsel, I have a Motion for Class Certification scheduled to be heard in Sacramento County Superior Court on October 23, 2015 in *Raichart v. BOE* with potentially 1000 class members. Results for my office in class action litigation have been in the multimillion dollar range with fees up to one third of the recovery approved by the Court.

3. At all times relevant to settlement negotiations, both parties used and relied on experts to evaluate data verified under penalty of perjury.

4. The Defendants have always contended that they made meal and rest breaks available to Class members and never took any affirmative action in preventing them from a second meal and rest break, which was the subject matter of this litigation. Defendants have asserted all defenses available under *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 273 P.3d 513, 139 Cal. Rptr. 3d 315.

---

DECLARATION OF ANTHONY M. PEREZ, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

2

5. Plaintiffs have asserted that Putative Class members were denied their second meal and rest break after working 10 hours in a particular shift. Class members are nonexempt hourly employees which is an undisputed fact. The data showed that meal breaks were not occurring after 10 hour shifts until a point in time where Siemens instituted a correction policy correction.

6. That after this action was filed, the parties agreed to conduct an early mediation using Michael Dickstein, an extremely experienced mediator familiar with issues raised in this action.

7. Siemens provided data under penalty of perjury reviewed by each party's experts. That data identified 40,799 shifts that qualified as labor code meal/rest break violations. The data also identified 500 plus unique id's representing potential class members. Prior to mediation, Siemens produced data including employee shift data, employee id and compensation rate data, and other data relative to the claimed meal and rest break violations for the appropriate class period. That material was forwarded to our expert for expert review. The data was analyzed and ultimately settlement was conditioned on the data being verified under penalty of perjury. Ultimately the data utilized was verified by Siemens under penalty of perjury.

8. On May 6, 2014, the parties attended a voluntary mediation session in San Francisco which lasted approximately 12 hours. Settlement at that time was not reached. The parties continued negotiations in the following weeks which ultimately resulted in a Mediator's Proposal presented by mediator Dickstein. The parties accepted the Mediator's Proposal on May 22, 2014.

9. Following the Mediator's Proposal acceptance, a Memorandum of Understanding (MOU) was prepared, ultimately incorporating Settlement Terms into a MOU. On July 2, 2014, the MOU was fully executed by all parties.

10. The parties reached a settlement following a full day of arm's length negotiations and the supervision of well-respected and experienced wage and hour class action mediator, Michael Dickstein.

11.     Based on our evaluation of the case and the input from our experts I believe that the settlement reached by the parties is fair and equitable. As in any wage and hour class action, Plaintiff faced hurdles of obtaining class certification and losing on the merits. Although we believed that Plaintiff stood a significant chance of prevailing on both class certification and on the merits, we recognized that if our analysis was incorrect, Plaintiff and the Class Members could end up receiving nothing.

12.     Based on all of the circumstances, we have represented the putative Class Members to the best of our abilities. I believe, in my professional opinion, that this is a fair and reasonable result for the Class.

13.     Plaintiff seeks a modest incentive award of $7,500.00. This incentive is appropriate because Plaintiff undertook the risk and burden of the litigation. Plaintiff was instrumental in our investigation and was always available to answer our questions when required, participated in data analysis, and was an active participant in the full day of mediation in San Francisco, California, with Mr. Dickstein. At the mediation, Plaintiff played a significant role in discussions. He spent many hours assisting us in policy evaluation and analysis, pre-and post- mediation and present for an entire day of mediation in San Francisco, which he attended on behalf of the Class.

14.     Class Counsel seeks attorneys' fee award equal to twenty-eight percent of the gross settlement amount $277,200.00. Our retainer agreement provides for 35% of the gross recovery.

15.     As of the date of filing this Declaration, Plaintiff had incurred $54,746.00 in costs associated with prosecuting this action. These costs include: Filing/Process; Mediation/Mediator; Data Analysis; Expert Witness Robyn Technologies; Administrative Fees; Litigation Funding Interest; Travel Expenses; Copy Costs; Research Costs; Postage; Denecochea Copy and Printing; and CPT Class Administrative Costs.

16.     I have conferred with Defendants' Counsel, Greg Iskander, and he confirmed that Defendant does not oppose Plaintiff's Motion for Final Approval.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of September 2015, in Sacramento, California.

By: */S/ Anthony M. Perez, Jr.*

Anthony M. Perez, Jr.
Attorney for Plaintiff