# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

**JARRID WHITLEY,**
on behalf of all others similarly situated,

Case No.: 2:14-CV-0099 MCE-DAD

Plaintiff,

**[PROPOSED] FINAL JUDGEMENT**

v.

**SIEMENS INDUSTRY, INC., also doing business as and referred to as SIEMENS USA, SIEMENS CORPORATION, and SIEMENS, and DOES 1-100, inclusive,**

Date:   October 1, 2015
Time:   2:00 p.m.
Judge:  Hon. Morrison C. England, Jr.
Courtroom: 7

Defendants.          /

## [PROPOSED] FINAL JUDGEMENT

On May 22, 2014, the **Parties**[1] to this **Class Action** reached a tentative **Settlement** and they advised the **Court** of the **Settlement**. On June 1, 2015 the **Court** Ordered the Enforcement of the Settlement. Subsequently, the **Parties** submitted a detailed written **Stipulation** with attached Exhibit 1. The **Court** directed the **Parties** to provide **Notice** of the proposed **Settlement** to the potential **Class Members** and scheduled a further hearing to determine whether the

---

[1] The definitions for all capitalized, bold terms can be found in the **Class Action Stipulation** of **Settlement** referred to herein as the "**Stipulation**."

proposed **Settlement** request for **Plaintiff's Attorney Fees** and **Plaintiff's** expenses are fair, reasonable, and adequate.

B.    On October 1, 2015, the **Court** held the **Final Settlement** hearing to determine: (i) whether the **Action** should be finally certified as a **Class Action** solely and exclusively for **Settlement** purposes; (ii) whether the proposed **Settlement** should be given **Final** approval as fair, reasonable and adequate and in the best interests of each of the **Parties** and the **Settlement Class Members**; (iii) whether a **Final Judgement** should be entered as required by the **Stipulation**; (iv) whether the **Settlement Class Members** should be bound by the release of claims set forth in the **Stipulation**; (v) whether a **Class Representative Enhancement** award should be made to **Plaintiff** as set forth in Part III.I of the **Stipulation**; (vi) the amount of **Plaintiff's Attorney** award of **Plaintiff's Attorney's Fees** and costs, including Class Action Administrator Fees of $13,500.00; and (vii) any other matter that may be relevant to the **Settlement**. Anthony M. Perez appeared for the **Plaintiff** and the **Class**. Gregory G. Iskander appeared on behalf of the **Defendant**.

C.    Zero putative **Class Members** timely requested exclusion from the **Settlement Class** and zero objections were filed with respect to the proposed **Settlement.**

D.    After reviewing the pleadings and evidence filed in support of the request for **Final** approval of the **Settlement** and the requests for awards of Plaintiff's **Attorney's Fees**, **Plaintiff's** Expenses and the **Class** Representative **Enhancement**, and hearing the **Attorneys** for the **Parties**, the **Court** finds, and

### IT IS SO ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.    The **Court** has personal jurisdiction over all **Class Members** and **Defendant**, and the **Court** has subject matter jurisdiction to approve the **Stipulation** (including all Exhibits thereto).

2.    The **Stipulation**, including the definitions applicable to the **Stipulation**, is incorporated by reference into this **Final Judgement**.

3. The **Court** finds that the **Stipulation** and proposed **Settlement** were reached after arm's-length negotiations between the **Parties**, including a full-day mediation session before an impartial, respected and experienced mediator; the proposed **Settlement** was concluded only after counsel for the **Parties** had conducted adequate discovery and investigation; and the **Settlement** of the **Action**, as embodied in the terms of the **Stipulation**, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure,  and United States Constitutions (including the due process clauses), the California Rule of **Court** and any other applicable law, and in the best interests of the **Parties** and the **Class Members**.

4. Solely for the purpose of **Settlement**, the **Court** finally certifies the following **Class**:

All current and former non-exempt California employees of Siemens who were employed by Siemens, in the State of California with responsibility related to production at the Siemens Rail System Plant located at 7464 French Road, Sacramento, California at any time during the Class Period.

5. The above **Class** is certified for **Settlement** purposes only, and the certification should not be construed as an admission by **Defendant** with respect to any of the allegations made against it in this **Action** by or on behalf of the **Members** of the **Settlement Class**.

6. The **Court** appoints Jarrid Whitley as **Class Representative**.

7. The **Court** appoints Anthony M. Perez, Jr. as counsel for the **Class**.

8. The **Court** appoints CPT Group, Inc. as Claims Administrator.

9. The **Court** finds that:

a. the above-described **Class** contains **Members** so numerous that the joinder of all of them is impracticable;

b.      there are questions of law or fact common to the above-described **Class**;

c.      the claims of the **Class Representative** are typical of the claims of the **Class** that **Plaintiff** seeks to represent; and

d.      the **Class Representative** and **Plaintiff's Attorney** has fairly and adequately protected the interests of the above-described **Class**.

10.      The **Parties** and their counsel are ordered to implement and to consummate the **Stipulation** according to its terms and provisions.

11.      The **Notice** and the **Notice** methodology implements pursuant to the **Stipulation** (i) constituted the best practicable **Notice**; (ii) constituted **Notice** that was reasonably calculated, under the circumstances, to apprise **Class Members** of the pendency of the **Action**, their right to object to or exclude themselves from the proposed **Settlement** and their right to appear at the **Final Settlement** Hearing; (iii) were reasonable and constituted, adequate and sufficient **Notice** to all persons entitled to receive **Notice**; and (iv) met all applicable requirements of the California Code of Civil Procedure, the California and United States Constitutions (including the Due Process Clauses), the California Rules of **Court** and other applicable law.

12.      The **Action** is dismissed with prejudice, without an award of **Fees**, costs or expenses to any party except as provided in the **Stipulation**.

13.      The terms of the **Stipulation** and the **Final Judgement** are binding on Plaintiff and all other **Settlement Class Members**, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this **Action** as

1   provided by the **Stipulation**.

2   14.   Pursuant to Part III.C. of the **Stipulation**, **Plaintiffs** and all **Settlement Class**

3   **Members** are deemed to have conclusively released all rights, claims, complaints or causes of

4   **Action** against **Defendant** and its parents, predecessors, all affiliates, subsidiaries, officers,

5   directors, agents, employees, and stockholders, based on the **Stipulated Class Settlement**

6   **Release of Claims**, and forever discharging **Defendant** and the **Released Parties** from such

7   rights, claims, complaints or causes of **Action**, set forth in the release incorporated in the

8   **Stipulation and Settlement Agreement**.   Such release is effective as the execution of this

9   Order.

10   15.   **Plaintiffs** and all **Settlement Class Members** and any person or entity

11   acting on their behalf, or permanently barred and enjoined from (i) filing, commencing,

12   prosecuting, intervening in, participating in (as **Class Members** or otherwise), or receiving any

13   benefits or other relief from, any other lawsuit, in any state or federal **Court**, arbitration, or

14   administrative, regulatory or other proceeding or order in any jurisdiction based on **Settlement**

15   **Class Released Claims** in this **Action**; and (ii) organizing such non-excluded **Class Members**

16   into a separate **Class** for purposes of pursuing as a purported **Class Action** (including by seeking

17   to amend a pending complaint to include **Class** allegations, or by seeking **Class** certification in a

18   pending **Action**) any lawsuit based on the **Settlement Class Released Claims** in this **Action**.

19   16.   The **Parties** are authorized, without further approval from the **Court**, to

20   agree to and to adopt such amendments, modifications and expansions of the **Stipulation** and all

21   exhibits attached thereto which (i) are consistent with this **Final Judgement**, and (ii) do not limit

22   the rights of **Class Members** under the **Stipulation**.

23   17.   The **Court** grants a **Class Representative Enhancement** award of

24   $7,500.00 to Jarrid Whitley. This request is justified in light of the following facts: (1) Plaintiff

25   spent numerous hours conferring with **Plaintiff's Attorney**, reviewing documents, interviewing

26   witnesses, gathering evidence, formulating discovery requests, responding to discovery, and

27

28

preparing for and participating in a mediation; (2) Plaintiff's efforts resulted in a favorable result for the **Class**; and (3) **Defendant** did not oppose the request. The **Class** Representative **Enhancement** will be paid to **Plaintiff** in accordance with the terms of the **Stipulation**.

18.     The **Court** grants Plaintiff's **Attorney** request for an award of **Plaintiff's Attorney's Fees** in the amount of $277,200.00 and Plaintiff's Expenses, including CPT Class Administration costs in the amount of $54,746.00. **Plaintiff's Attorney** request an award of reasonable **Attorney's Fees** and costs justified in light of the following facts: (1) **Plaintiff's Attorney** vigorously prosecuted this case and achieved a favorable result for the **Class**; (2) the legal issues were novel and complex; (3) **Defendant** did not oppose the request; and (4) such other bases as offered by Plaintiff's **Attorney**. The **Attorney's Fees** and costs shall be paid by the Claims Administrator in accordance with the terms of this **Judgement**.

19.     Without affecting the **Finality** of the **Final Judgement**, the **Court** shall retain continuing jurisdiction over the **Action**, and the **Parties** and **Settlement Class**, and the administration and enforcement or implementation of the **Settlement** shall be presented by motion to the **Court**; provided however, that nothing in this paragraph shall restrict the ability of the **Parties** to exercise their rights hereunder.

IT IS SO ORDERED

Dated:_____          By:_____
                                              Morrison C. England, Jr., Chief Judge
                                              United States District Court

[PROPOSED] FINAL JUDGEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

1

2
## UNITED STATES DISTRICT COURT

3
## EASTERN DISTRICT OF CALIFORNIA

4
### SACRAMENTO DIVISION

5

6
JARRID J. WHITLEY, et al.,

**Case No.  2:14-cv-00099-MCE-DAD**

7
Plaintiff,

**STIPULATION OF CLASS ACTION
SETTLEMENT**

8
v.

9
SIEMENS INDUSTRY, INC. et al.,

10
Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

STIPULATION OF SETTLEMENT

1   This Stipulation of Class Action Settlement and Release ("Agreement" or "Settlement") is

2   made by and between Plaintiff JARRID J. WHITLEY ("Plaintiff") and SIEMENS INDUSTRY,

3   INC. ("Defendant"). Plaintiffs and Defendant collectively are referred to as the "Parties".

4   IT IS HEREBY STIPULATED AND AGREED by and among the undersigned Parties,

5   subject to the approval of the Court, that the settlement of this action shall be effectuated upon and

6   subject to the following terms and conditions.

7

8   ## I. DEFINITIONS

9   The following capitalized, defined terms used in this Agreement shall have the meanings

10  ascribed to them below.

11  **1.1    Action.** "Action" or "Lawsuit" shall mean the civil action that is currently pending

12  in the United States District Court, Eastern District of California, *Whitley v. Siemens Industry Inc.*,

13  2:14-cv-00099-MCE-DAD, filed on January 15, 2014.

14  **1.2    Agreement.** "Agreement" or "Settlement Agreement" means this Stipulation of

15  Settlement.

16  **1.3    Claim Amount.** "Claim Amount" shall mean the total, gross amount due to an

17  Eligible Class Member which shall be calculated pursuant to the terms of this Agreement.

18  **1.4    Claim Form.** "Claim Form" shall mean the Claim Form, substantially in the form

19  attached as Exhibit A, or as modified by Order of the Court.

20  **1.5    Claims Administrator.** "Claims Administrator" means the third-party entity

21  jointly selected by the Parties to provide notice to the Class and perform other duties relating to

22  the administration of the Settlement, including, but not limited to, payment of claims submitted by

23  Eligible Class Members.

24  **1.6    Claims Administration Costs.** "Claims Administration Costs" shall mean the fees

25  and expenses reasonably and necessarily incurred by the Claims Administrator as a result of

26  performing the settlement administration procedures and functions expressly required in this

27  Agreement and shall include all costs of administering the Settlement, including, but not limited

28

2

1  to, all tax document preparation, custodial fees, and accounting fees incurred by the Claims

2  Administrator; all costs and fees associated with preparing, issuing and mailing any and all notices

3  and other correspondence to Class Members; all costs and fees associated with computing,

4  processing, reviewing, and paying the Claim Amounts, and resolving disputed claims; all costs

5  and fees associated with calculating tax withholdings and payroll taxes and making related

6  payments to federal state tax authorities and issuing tax forms relating to payments made under the

7  Settlement; all fees and costs associated with any other payments to be made out of or into the

8  costs and fees associated with preparing any tax returns and any other filings required by any

9  governmental taxing authority or agency; all costs and fees associated with preparing any other

10  notices, reports, or filings to be prepared in the course of administering disbursements from the

11  Qualified Settlement Fund; and any other costs and fees incurred and/or charged by the Claims

12  Administrator in connection with the execution of its duties under this Agreement.

13      **1.7**    **Claims Period Deadline.** "Claims Period Deadline" shall be the date forty-five

14  (45) days after the Notice and Claim Forms are mailed to the Class Members by the Claims

15  Administrator.

16      **1.8**    **Class.** "Class" and "Class Members" shall mean all hourly non-exempt employees

17  of Siemens in California with any responsibility related to production at the Siemens Rails

18  Systems plant located at 7464 French Road, Sacramento, California from January 15, 2010

19  through the date of June 1, 2015, on which the Court Ordered Enforcement of Settlement.

20      **1.9**    **Class Counsel.** "Class Counsel" or "Plaintiff's Counsel" refers to Anthony M.

21  Perez, Perez Law Offices, 455 Capitol Mall, Suite 225, Sacramento, California, 95814.

22      **1.10**    **Class Period.** "Class Period" shall mean the time period of January 15, 2010

23  through the date of June 1, 2015.

24      **1.11**    **Class Representative Service Fee.** "Class Representative Service Fee" shall mean

25  the amount approved by the Court to be paid to Plaintiff in addition to his Claim Amount in

26  recognition of his effort in coming forth as a class representative and in consideration for his

27  execution of a general release of all claims against Defendant.

28

3

STIPULATION OF SETTLEMENT

1    **1.12**   **Complaint.** "Complaint" means the Complaint filed in the Action by Plaintiff.

2    **1.13**   **Court.** "Court" refers to the United States District Court, Eastern District of

3 California.

4    **1.14**   **Day.** Day shall mean a calendar day, unless expressly stated otherwise.

5    **1.15**   **Defendant's Counsel.** "Defendant's Counsel", "Defense Counsel" or "Counsel for

6 Defendant" shall mean Gregory G. Iskander, Littler Mendelson, P.C., Treat Towers, 1255 Treat

7 Boulevard, Suite 600 Walnut Creek, CA 94597.

8    **1.16**   **Eligible Class Member.** "Eligible Class Member" and "Claimant" mean a Class

9 Member who both does not submit an Opt-Out Request and submits a timely and validly executed

10 Claim Form.

11    **1.17**   **Eligible Shift.** "Eligible Shift" means each day from January 15, 2010 through

12 April 15, 2014, that an Eligible Class Member worked for a period of more than 10 hours in a day.

13    **1.18**   **Effective Date.** "Effective Date" shall mean the date on which all of the following

14 have occurred:  the Court has entered an order dismissing the Action with prejudice, and an order

15 granting final approval of the Settlement, and the Judgment and order granting final approval have

16 become Final.  For purposes of this provision, "Final" means:  if no objections to the Settlement

17 are filed and/or are filed and withdrawn, the date the Court enters its order granting final approval

18 of the Settlement and its Judgment dismissing the Action with prejudice; if any objections to the

19 Settlement are filed and not withdrawn, and if no appeal, review or writ is sought from the

20 Judgment, the thirty-fifth (35th) day after entry of Judgment; or if rehearing, reconsideration

21 and/or appellate review of the Judgment is sought, the day after any and all avenues of rehearing,

22 reconsideration and appellate review have been exhausted and no further rehearing,

23 reconsideration or appellate review is permitted, and the time for seeking such review has expired,

24 and the Judgment has not been modified, amended or reversed in any way.

25    **1.19**   **Fairness Hearing.** "Fairness Hearing" or "Final Approval Hearing" shall mean

26 the hearing on the Motion for Final Approval of Class Action Settlement.

27

28

STIPULATION OF SETTLEMENT

1       **1.20   Maximum Settlement Amount.** "Maximum Settlement Amount" means the

2   maximum amount that Defendant could pay under the terms of this Settlement, which is not to

3   exceed Nine Hundred and Ninety Thousand Dollars ($990,000.00).  The Maximum Settlement

4   Amount includes, without limitation, the Claims Administration Costs, the Class Representative

5   Service Fee, Court-approved attorneys' fees and costs, any employer's share of payroll taxes, and

6   the total aggregate amount of the Claim Amounts to be paid to Eligible Class Members.

7       **1.21   Named Plaintiff.** "Named Plaintiff" or 'Plaintiff' shall mean Plaintiff Jarrid J.

8   Whitley.

9       **1.22   Net Settlement Amount.** "Net Settlement Amount" shall mean the Maximum

10  Settlement Amount minus (a) Claims Administration Costs; (b) any Court-approved Class

11  Representative Service Fee; (c) employer's share of payroll taxes; and (d) Court-approved

12  attorneys' fees and costs to Class Counsel.

13      **1.23   Notice.** "Notice" shall mean the Notice of Pendency of Class Action and Proposed

14  Settlement, substantially in the form attached as Exhibit B, or as modified by the Court.

15      **1.24   Opt-Out(s).** "Opt-Out(s)" refers to Class Members who timely submit a valid Opt-

16  Out Request.

17      **1.25   Opt-Out Request.** "Opt-Out Request" means a request for exclusion from the

18  Settlement. No special language is required.

19      **1.26   QSF.** "QSF" shall mean the Qualified Settlement Fund established by the Claims

20  Administrator for the benefit of the Eligible Class Members and from which the Claim Amounts

21  and, if applicable, payroll taxes shall be paid.

22      **1.27   Released Claims.** "Released Claims" shall mean any and all past, present and

23  future claims, administrative or otherwise, actions, causes of action, rights or liabilities, based on,

24  arising out of, or in any way relating to the claims alleged in the Complaint, including claims for

25  wages, statutory and civil penalties, damages and liquidated damages, interest, attorney fees and

26  costs that were or could have been alleged whether known or unknown based on the facts and

27  theories set forth in the Complaint, under California law and/or the Fair Labor Standards Act,

28

5

STIPULATION OF SETTLEMENT

1   arising out of the employment of the Class Members during the Class Period, as it relates to claims

2   for meal period and rest period violations, including but not limited to meal and rest period

3   premiums not paid, unrecorded work time not paid during meal and rest breaks, waiting time

4   penalties and wage statement violations, unfair business practices, and claims under the Private

5   Attorneys General Act ("PAGA").

6       **1.28   Released Parties.** "Released Parties" shall mean Siemens Industry, Inc., and its

7   predecessors, successors, parents, subsidiaries, affiliated and/or related entities.

8       **1.29   Settlement.** "Settlement" shall mean the compromise and resolution of claims

9   under the terms and conditions set forth in this Agreement.

10       **1.30   Settlement Class.** "Settlement Class" and "Settlement Class Member" shall mean

11   all Class Members who have not opted-out of the Settlement after Notice has been issued and who

12   are, therefore, bound by the Final Approval Order by the Court.

13   <u>**II. FACTUAL AND PROCEDURAL BACKGROUND**</u>

14       **2.1**   On or about January 15, 2014, Plaintiff filed this Action in the United States

15   District Court, Eastern District of California, under the Class Action Fairness Act (CAFA), 28

16   U.S.C. § 1332(d), § 1141(b), and § 1446.  Venue is proper in this District because a substantial

17   part of the events or omissions giving rise to the claims occurred in this District.

18       **2.2**   Plaintiff brought this case individually and on behalf of all others similarly situated

19   against Defendant for allegedly violating California's labor and unfair competition laws.

20   Specifically, Plaintiff alleges that Defendant violated applicable provisions of the Industrial

21   Welfare Commission's ("the IWC") Wage Orders, the Labor Code, and the Business and

22   Professions Code by failing to provide non-exempt Rail System employees: 1) compliant meal and

23   rest periods;  2)  an additional hour's pay for each day a lawful meal and/or rest period was not

24   provided; 3) penalties for failure to provide lawful and accurately itemized wage statements; 4) all

25   wages owed to employees upon termination of the employment relationship; and 5) wages for

26   time worked during any meal and rest periods.  These claims in the Complaint were brought on

27   behalf of all Class Members.

28

STIPULATION OF SETTLEMENT

1    **2.3**    Plaintiff was formerly employed as a non-exempt fitter/welder by Defendant.
2    Plaintiff was terminated from his employment in approximately November 2013.

3    **2.4**    Plaintiff alleged that Defendant employed various standardized practices which
4    impeded employee access to off-duty meal and rest periods and did not pay employees premium
5    pay for missed breaks.  Additional allegations in Plaintiff's Complaint include derivative claims
6    that Defendant did not lawfully itemize wage statements, did not fully pay all wages upon
7    termination of employment, did not pay penalties under Labor Code Section 203, and conversion.

8    **2.5**    Defendant denied and continues to deny the allegations asserted in the Complaint
9    and asserts that it has no liability for any of Plaintiff's or the Class Members' claims under any
10   statute, wage order, rule, regulation, common law, or equitable theory because Defendant's
11   policies and practices have, at all times, fully complied with all applicable California and federal
12   laws. Defendant also contends that, if this matter were to be further litigated, it would have strong
13   defenses on the merits and as to class certification.

14   **2.6**    On May 6, 2014, the Parties participated in mediation with Michael Dickstein, Esq.
15   serving as mediator.  The scheduled mediation session lasted well over twelve (12) hours, but the
16   Parties did not reach an agreement during the initial session.  Thereafter, with the assistance of the
17   mediator and with further negotiations that continued over several weeks, the Parties reached an
18   agreement and signed a Memorandum of Understanding on June 30, 2014.

19   **2.7**    The Parties reached this Agreement after having conducted significant
20   investigation, analysis and discovery.  Prior to the mediation, and in connection with the Parties'
21   formal and informal discovery and settlement negotiations, Defendant provided Plaintiff with data
22   concerning employees' time and payroll records, meal and rest break policies, and other
23   documentary evidence.

24   **2.8**    Plaintiff and Class Counsel believe that this Agreement is in the best interest of
25   Class Members.  Specifically, Plaintiff and Class Counsel have concluded, based upon their
26   investigation and discovery, after performing a thorough study of the law and facts relating to the
27   claims asserted in the Action and taking into account the sharply disputed factual and legal issues

28

7

1   involved in this Action, the various risks attending further prosecution to trial and judgment, the

2   uncertainties of complex litigation, the strong likelihood of further appeals as litigation continues,

3   the discovery and investigation conducted to date, the expense and time necessary to pursue the

4   Action through trial, and the substantial benefits to be received by the Class pursuant to the

5   compromise and settlement of the Action, that settlement as embodied by this Agreement is fair,

6   adequate and reasonable and is in the best interests of Plaintiff and the Class. Plaintiff, on his own

7   behalf and on behalf of the Class Members, has agreed to settle the Action on the terms set forth in

8   this Agreement.

9       **2.9**    Defendant denies any liability or wrongdoing of any kind associated with this

10   Action, and further denies that, for purposes other than the settling of this Action, any part of this

11   Action is appropriate for class treatment. Defendant has denied and continues to deny each and

12   every material factual allegation and alleged claim and denies all claims as to liability, damages,

13   penalties, interest, fees, costs, and all other forms of relief, as well as the class allegations asserted

14   in the Action. Nothing herein shall constitute an admission by Defendant of wrongdoing or

15   liability or of the truth of any factual allegations in the Action. Nothing herein shall constitute an

16   admission by Defendant that the Action is properly brought as a class or representative basis other

17   than for settlement purposes. To this end, the settlement of the Action, the negotiation and

18   execution of this Agreement, and all acts performed or documents executed pursuant to or in

19   furtherance of the Settlement: (i) are not, shall not be deemed to be, and may not be used as, an

20   admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of

21   any of the factual allegations in the Lawsuit; (ii) are not, shall not be deemed to be, and may not be

22   used as, an admission or evidence of any fault or omission on the part of Defendant in any civil,

23   criminal or administrative proceeding in any court, administrative agency or other tribunal; and

24   (iii) are not, shall not be deemed to be, and may not be used as, an admission or evidence of the

25   appropriateness of these or similar claims for class certification. This Agreement and the

26   Settlement it contains are a compromise of disputed claims, as Defendant has concluded that

27   further litigation would be protracted and expensive, and would also divert management and

28

8

1   employee time. Defendant has taken into account the uncertainty and risks inherent in litigation.

2   Defendant has, therefore, concluded that it is desirable that the Action be fully and finally settled

3   in the manner and upon the terms and conditions set forth in this Agreement.

4   **III. CONDITIONS PRECEDENT TO SETTLEMENT TAKING EFFECT**

5   **3.1**   The Parties enter into this Agreement and the Settlement on a conditional basis.

6   This Agreement and Settlement is contingent upon, and will become final and effective only upon

7   the occurrence of, all of the following events: 1) The Court has entered an Order enforcing the

8   Settlement and conditional certification of a class for settlement purposes only is agreed to by the

9   parties, consistent with the terms described in this Agreement (or as otherwise agreed upon in

10  writing by the Parties); 2) Mailing of the Class Notice to Class Members in accordance with the

11  Court's Order; 3) The Court setting and conducting a fairness hearing; 4) The Court enters an

12  Order granting final approval of the Settlement consistent with the terms described in this

13  Agreement (or as otherwise agreed upon in writing by the Parties); 5) The Effective Date occurs,

14  and any challenge to the Settlement, whether by objection or appeal, is resolved in favor of

15  enforcement of the Settlement; and 6) The Court enters a Final Judgment approving the terms of

16  this Agreement and dismissing the Action with prejudice in its entirety pursuant to the terms of

17  this Agreement.

18  **3.2**   Unless the Court Orders otherwise or as otherwise agreed upon in writing by the

19  Parties, this Agreement shall be deemed null and void *ab initio* unless each of these six conditions

20  occurs.

21  **3.3**   Further, in the event that more than ten percent (10%) of the Class Members opt-

22  out of the Settlement, this Agreement shall be deemed null and void *ab initio*, at the option of

23  Defendant.

24

25

26  **IV. CONSEQUENCES OF SETTLEMENT NOT BECOMING EFFECTIVE**

27

28

9

**4.1** This Agreement is contingent upon each of the conditions precedent in Paragraph 3.1 occurring and is entered into voluntarily by the Parties for settlement purposes only. If the Court does not grant final approval of this Settlement or, if appealed, the Settlement is not affirmed, or if the Settlement does not become effective for any other reason, the Parties agree that conditional class certification for settlement purposes only will automatically be deemed revoked. The Parties will take all steps, if necessary, to decertify the class and return the case to the "status quo" as it existed prior to the Parties seeking approval of the Settlement from the Court. In the event that the conditional class certification for settlement purposes is deemed revoked, then the class certification for settlement purposes only shall have no precedential value and it shall not be introduced into evidence or used for any other purpose. To the extent this Agreement is deemed void or the Effective Date does not occur or for whatever reason does not result in the final resolution of the Action, Defendant does not waive, and, instead, expressly reserves its rights to challenge all claims and allegations in the Action upon all procedural, factual and legal grounds, including, without limitation, the ability to challenge class treatment on any grounds, as well as asserting any and all other potential defenses or privileges. Plaintiff and Class Counsel agree that Defendant retains and reserves these rights, and agrees not to argue or present any argument, and hereby waives any argument that, based on this Agreement, Defendant cannot contest class certification on any grounds or assert any and all other potential defenses and privileges if this Action were to proceed. If the Settlement is not approved by the Court, or for some other reason the Settlement does not become final, the conditional certification of the Class shall be void and of no further effect, and all matters covered by this Agreement and the releases contained herein shall be null and void. In such event, nothing in this Agreement or any draft thereof, or of the discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement, or any document submitted to the Court in support of this Agreement or Court approval thereof, shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action or in any other proceeding or forum, nor shall any such matter be used or construed by or against any Party as a determination,

10

STIPULATION OF SETTLEMENT

1   admission, or concession of any issue of law or fact in this, or any other litigation or proceeding,

2   and the Parties do not waive, and instead expressly reserve, their respective rights with respect to

3   the prosecution and defense of the Action as if this Agreement never existed.

4   <center>**V. COOPERATION**</center>

5       **5.1**    The Parties agree to use their best efforts to expedite the preparation and

6   submission of the Agreement and related documents to the Court for consideration and approval.

7   The Parties further agree to fully cooperate in the drafting and/or filing of any further documents

8   or filings reasonably necessary to be prepared or filed, shall take all steps consistent with the terms

9   of this Agreement that may be requested by the Court relating, or that are otherwise necessary, to

10  the approval and implementation of this Agreement and shall otherwise use their respective best

11  efforts to obtain the Court's approval of and implementation of this Agreement.  The Parties shall

12  timely cooperate and present to the Court, for its consideration in connection with the approval of

13  this Agreement, any and all evidence as may be requested by the Court under the appropriate

14  standards for approving the proposed Settlement of the Class Claims and/or facilitated Notice to

15  Class Members.

16      **5.2**    Plaintiff and Plaintiff's Counsel agree that other than the Court-approved Notice to

17  class members, there shall be no publicity of the Settlement and Plaintiff and Plaintiff's Counsel

18  shall not post any information regarding the Action or the Settlement on any website or through

19  the internet or otherwise.

20  <center>**VI.  SETTLEMENT CONSIDERATION**</center>

21      **6.1**    The Maximum Settlement Amount shall not exceed Nine Hundred and Ninety

22  Thousand Dollars ($990,000.00).  The Maximum Settlement Amount shall be "all-inclusive,"

23  meaning that all Claims Administration Costs, the Class Representative Service Fee, all of Class

24  Counsel's attorneys' fees and costs, and all possible claim amounts to eligible Class Members,

25  including any employer payroll taxes, shall be distributed from the Maximum Settlement Amount.

26      **6.2**    The Maximum Settlement Amount shall be distributed as follows:  In connection

27  with the Final Approval Hearing, Class Counsel will submit an application for an award of

28

<center>11</center>

STIPULATION OF SETTLEMENT

1   attorneys' fees and costs of no more than Two Hundred and Seventy-Seven Thousand Two

2   Hundred Dollars ($277,200) (28% of the Maximum Settlement Amount), with the understanding

3   that the Court may award lesser amounts of fees and costs as are determined to be fair and

4   reasonable by the Court). Any amounts awarded will constitute complete consideration to Class

5   Counsel for all work performed and expenses incurred to date and for all work to be performed

6   and expenses to be incurred through the completion of the Action and its Settlement. Defendant

7   will not oppose a request for approval of the Class Counsel attorneys' fees and litigation costs as

8   stated in this Paragraph. In the event that the Court awards lesser attorneys' fees or costs than

9   requested, then any portion of the requested amounts not awarded to Class Counsel shall be a part

10  of the Net Settlement Amount. The substance of Class Counsel's application for attorneys' fees

11  and litigation costs is not part of this Agreement and is to be considered separately from the

12  Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement

13  of the Action. The Court's ruling on Class Counsel's application for attorneys' fees and litigation

14  costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for

15  Final Approval;

16     **6.3**    All Claims Administration Costs awarded by the Court shall be paid from the

17  Maximum Settlement Amount. The Parties estimate the Claims Administration Costs to be

18  approximately Fifteen Thousand Dollars ($15,000.00); Class Counsel shall seek approval for a

19  Class Representative Service Fee of Seven Thousand Five Hundred Dollars ($7,500.00) to

20  Plaintiff, or such lesser amount as may be approved by the Court. The Class Representative

21  Service Fee paid from the Maximum Settlement Amount shall be a payment separate and apart

22  from any Claim Amount that Plaintiff may be entitled to receive as a Class Member and represents

23  further consideration in exchange for the waiver and release of all wage and hour claims past or

24  present, known or unknown, that Plaintiff may have against Defendant, whether or not alleged in

25  the Action. Defendant will not oppose a motion for approval of the Class Representative Service

26  Fee. In the event that the Court awards a lesser than requested amount or no Class Representative

27

28

STIPULATION OF SETTLEMENT

Service Fee, then any portion of the requested amount not awarded to Plaintiff shall become a part of the Net Settlement Amount

**6.4** Named Plaintiff Jarrid Whitley shall also receive a confidential Individual Settlement payment for any individual claims Plaintiff may have against Defendant, which is not part of this Agreement and for which Plaintiff has executed a separate confidential release. Specifically, Plaintiff has asserted retaliation and wrongful termination claims, among other things, against Defendant, and has filed individual claims with the California Labor Commissioner. The Parties agree that the amount paid to Plaintiff for his individual claims and general release may be shared with the Court *in camera* or under seal, but shall not be made public.

**6.5** Claim Amounts shall be calculated as follows: based upon the information in the Class list provided by Defendant (and as corrected, if applicable, through the claims process), the Claims Administrator will calculate the total number of Eligible Shifts worked by all Class Members during the Class Period. The Claims Administrator will divide the Net Settlement Amount by the total number of Eligible Shifts worked by all Class Members during the Class Period. This will yield the initial dollar value per Eligible Shift. A Class Member's initial individual Claim Amount will be determined by multiplying the dollar value per Eligible Shift (as calculated by the Claims Administrator) by the total number of Eligible Shifts worked by the individual Claimant. The estimated Eligible Shifts shall be stated on the Claim Form.

**6.6** All disputes regarding the number of Eligible Shifts worked by a Class Member or the calculation of a Class Member's Claim Amount will be resolved and decided by the Claims Administrator and the Claims Administrator's decision on all such disputes will be final and not subject to appeal. The Parties recognize and agree that the claims raised in the Action, including specifically the claims for missed meal periods and missed rest periods are extremely difficult to determine with any certainty for any given time period, or at all. The claims are subject to different calculations and formulas and currently there is uncertainty as to the applicable standard for the meal period and rest period claims. The Parties also recognize and agree that, given the

13

1     number of Class Members in California during the Class Period, it would be extremely

2     burdensome and unduly costly to discern exactly which individuals (if any) were not provided

3     meal or rest periods.  The Parties hereby agree that the formula for allocating the settlement

4     payments to Eligible Class Members provided herein is reasonable and that the settlement

5     payments provided herein are designed to provide a fair settlement to the Class, despite the

6     uncertainties associated with the amounts alleged to be owed.

7     **6.7**     For the purpose of calculating applicable taxes for the payments to Eligible Class

8     Members, the Parties agree that one-half of Claim Amounts constitutes wages in the form of

9     premium pay and will be subject to tax withholding (and each Eligible Class Member will be

10     issued an IRS Form W-2 for such payment to him or her), one-half of the Claim Amount paid to

11     an Eligible Class Member constitutes penalties and interest, and will not be subject to tax

12     withholding by Defendant (and each Eligible Class Member will be issued an IRS Form 1099 for

13     such payment to him or her).  The Claims Administrator shall calculate and deduct required

14     withholdings and payroll taxes from the Eligible Class Member's wage amount prior to mailing

15     the Claim Amount.  Defendant shall not be responsible for payroll tax payments on any portion of

16     the Maximum Settlement Amount that is attributable to Class Counsel's attorneys' fees and costs,

17     Claims Administration Costs, penalties, or interest.  The Parties further understand that the Class

18     Representative and any Eligible Class Member who receives any Settlement Payment pursuant to

19     this Agreement shall be solely responsible for any and all tax obligations associated with such

20     receipt, except as otherwise expressly set forth in this Agreement.

21     **6.8**     This Settlement is Claims Made with no reversion to Defendant.  Any portion of the

22     Net Settlement Amount that is not claimed, and any checks issued that are uncashed for more the 90

23     days after issuance, shall be donated to Sacramento Court Appointed Special Advocates (CASA).

24     **6.9**     Any amounts Defendant has agreed to pay under this Settlement shall remain the

25     property of Defendant until the money is transferred to the Claims Administrator, pursuant to the

26     terms of this Agreement and the Court's Final Judgment.

27

28

<div align="center">14</div>

STIPULATION OF SETTLEMENT

## VII. ORDER ENFORCING SETTLEMENT GRANTED JUNE 1, 2015.

**7.1**    The Court, after considering Defendant's Motion to Enforce the Settlement outlined in the executed Memorandum of Understanding, Ordered the Enforcement of said Settlement, principle terms of which are restated herein and incorporated as part of this agreement.   (See Exhibit A to this Agreement.)

**7.2**    If for any reason the Court does not approve this Agreement, fails to enter the Final Judgment, or if this Agreement is terminated for any other reason, the Parties agree that class certification for settlement purposes only will automatically be deemed revoked.  In the event that class certification for settlement purposes is deemed revoked, then the prior class certification for settlement purposes shall have no precedential or *res judicata* value in this Action or in any other case and it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, it shall not be introduced into evidence, and Defendant shall retain the right to dispute the appropriateness of class certification.

**7.3**    The Parties shall request that the Court enter an order that pending final approval, Class Members who do not opt-out of the Settlement are barred from instituting, prosecuting, or participating in any claims or actions against the Released Parties which fall within the definition of the Released Claims and that any pending actions against the Released Parties, whether in court or arbitration, are stayed on an interim basis as to any claims which fall within the definition of the Released Claims.

## VIII. CLAIMS ADMINISTRATION AND COURT FACILITATED NOTICE.

**8.1**    The Parties agree to use the services of CPT. ("Claims Administrator") to administer the Settlement.  The actions of the Claims Administrator shall be governed by the terms of this Agreement.    Defendant or Class Counsel may engage in communications with the Claims Administrator without notice to the other party, any Class Members, or the Court.

**8.2**    In the event that either Defendant or Class Counsel take the position that the Claims Administrator is not acting in accordance with the terms of the Agreement, such party shall meet

15

STIPULATION OF SETTLEMENT

1  and confer first with opposing counsel and then, if necessary, with the Claims Administrator

2  and/or the Court.

3  ### IX. LIST OF CLASS MEMBERS.

4  **9.1**     Within fifteen (15) days from the execution of this Agreement, Defendant shall

5  provide to the Claims Administrator a list of all Class Members in electronic form.  The list will

6  identify each Class Member's name, last known mailing address, Social Security Number, and

7  Eligible Shifts.

8  **9.2**     Defendant's records will be presumed determinative with respect to whether an

9  individual is a Class Member and the number of Eligible Shifts worked by the Class Member.  If

10  for any reason a Class Member disagrees with Defendant's calculation of his or her number of

11  Eligible Shifts, the Class Member shall be provided the opportunity to raise such disagreement and

12  present any supporting documentation to the Claims Administration along with his or her Claim

13  Form.  The Claims Administrator, in consultation with Defense Counsel, shall have the authority,

14  based upon the information from Defendant and any information provided by the Class Member,

15  to issue a final non-appealable decision with regard to the number of Eligible Shifts worked by the

16  Class Member.

17  **9.3**     The Class list, and any other data provided by Defendant to the Claims

18  Administrator, shall be treated as confidential and not subject to disclosure by the Claims

19  Administrator to Class Counsel (except that relevant information may be provided to Class

20  Counsel to the extent necessary to address a disputed claim or to respond to a specific inquiry

21  from a Class Member) or to any third party (except to the extent necessary for the Claims

22  Administrator to perform its obligations described in this Agreement and subject to prior approval

23  by Defense Counsel) and shall not be used by the Claims Administrator for any purpose other than

24  as permitted by this Agreement.  Further, the Claims Administrator shall use commercially

25  reasonable efforts to secure the data provided by Defendant at all times so as to avoid inadvertent

26  or unauthorized disclosure or use of such data other than as permitted by this Agreement, and shall

27  destroy the data (and all copies of it) in a complete and secure manner when such data is no longer

28

16

1   required for purposes of this Agreement.  At no time during the settlement process will any Class

2   Member's address, telephone number or Social Security Number be filed with the Court, except

3   under seal as may be ordered by the Court.  The Claims Administrator shall ensure that the Notice

4   and any other communications to Class Members shall not include the Class Members' Social

5   Security Number, except for the last four digits.

## X.  NOTICE TO CLASS MEMBERS

**10.1**      Upon receipt of the list of Class Members, the Claims Administrator will perform a search using the United States Postal Service National Change of Address List to update each Class Member's last known address.

**10.2**      Within twenty one (21) days after the execution of this Agreement, the Claims Administrator shall mail, via First Class postage-prepaid United States mail, to all Class Members, at their most recent addresses, the Notice and Claim Form (collectively, the "Notice Packet").   In the event that any Notice Packet is returned as undeliverable, the Claims Administrator will promptly have data searches conducted, including performing a search using the Class Member's Social Security Number to obtain a current valid mailing address for the Class Member.  Following each search that results in a corrected address, the Claims Administrator shall promptly re-send the Notice Packet to the Class Member at the corrected address via First Class postage-prepaid United States mail.   For Class Members who are re-sent the Notice Packet pursuant to this Section, the Claims Period Deadline shall be extended an additional fifteen (15) calendar days.  The Class Administration will also send a fifteen (15) day reminder notice to all Class Members.

**10.3**      Compliance with these procedures shall constitute due and sufficient notice to Class Members of this Settlement and shall satisfy the requirement of due process.  Nothing else shall be required of, or done by the Parties, Class Counsel, and Defense Counsel to provide notice of the proposed Settlement to the Class.  In the event the procedures in the Agreement are followed and a Class Member, nonetheless, does not receive the Notice Packet, the intended

17

recipient shall remain a Class Member and will be bound by all the terms of this Agreement, including the Release of Claims and any orders of the Court.

**10.4**      The Claims Administrator will maintain all Opt-Out Requests and Claim Forms received from Class Members.   After the Notice Packets have been mailed to Class Members, the Claims Administrator shall, on a weekly basis, provide counsel for the Parties with an updated status report that states the number of timely and valid Claim Forms received, the number of timely and valid Opt-Out Requests received, the number of deficient or untimely Claim Forms received, the number of deficient or untimely Opt-Outs received, the number of objections received and other data as requested.

**10.5**      Prior to the filing of the Final Approval Motion, the Claims Administrator shall provide to Class Counsel a written verification/declaration signed under penalty of perjury that, pursuant to the Court's Order, it mailed the Court-approved Notice Packet to the Class Members.

## XI. CLASS MEMBERS' RETURN OF CLAIM FORMS

**11.1**      All Claim Forms must be submitted within 45 days of mailing, and shall be sent directly to the Claims Administrator at the address stated on the Claim Form.  The Claims Administrator shall review the Claim Forms received and ensure that each Claim Form has been validly completed and signed by a Class Member.   Prior to the filing of the Final Approval Motion, the Claims Administrator will certify to Counsel for the Parties the total number of timely and valid Claim Forms and Opt-Out Requests received and other data as requested.

**11.2**      The entitlement of any Eligible Class Member to receive a portion of the Net Settlement Amount is contingent upon the Eligible Class Member having a valid Social Security Number or taxpayer identification number, the Claim Form being signed and dated as provided for therein; and the Claim Form being mailed, postage prepaid, by the Class Member in an envelope postmarked on or before the claim submission deadline and addressed to and received by the Claims Administrator. The Claim Form shall contain a paragraph advising class members that by signing the Claim Form, they are opting in to a release of FLSA and PAGA claims.

18

STIPULATION OF SETTLEMENT

**11.3** In the event a Claim Form is timely submitted but is deficient in one or more respects, the Claims Administrator shall return the Claim Form to the Class Member with a letter explaining the deficiencies and advising that the Class Member shall have fifteen (15) calendar days from the date of the deficiency notice to correct the deficiencies and re-submit the Claim Form, even if such date is beyond the Claims Submission Deadline. If the Class Member fails to correct the deficiencies in the submitted Claim Form, the Class Member will remain bound by the Settlement (including the Release of Claims), but will not be entitled to receive any monetary payment in connection with the Settlement.

**11.4** If a Class Member completes and submits both a Claim Form and an Opt-Out Request, the Claims Administrator will promptly send the Class Member a cure letter requesting clarification of the Class Member's intent. The cure letter will state that unless the Class Member clarifies, in writing, by the Claims Period Deadline that he or she intends to Opt-Out, the Class Member will be deemed to be an Eligible Class Member and shall be bound by the terms of this Agreement, including the Release of Claims.

**11.5** The Parties shall confer regarding any late Claim Forms submitted and, if the Parties jointly agree, may decide to accept the submission of a late Claim.

## XII. OPTING OUT OF THE SETTLEMENT

**12.1** Opt-Out Requests must be sent to the Claims Administrator and be postmarked no later than 45 days from mailing. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether an Opt-Out Request has been timely submitted. Class Members who wish to Opt-Out must make such request in writing. No special language is required. No Opt-Out Request may be made on behalf of a group of Class Members. Any Class Member who submits a valid and timely request for exclusion will not be entitled to any monetary recovery, will not be bound by this Agreement, and will not have any right to object or appeal. Class Members who fail to submit a valid and timely Opt-Out request shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the Settlement. The Parties and their

19

STIPULATION OF SETTLEMENT

Counsel shall not encourage Class Members to Opt-Out of this Agreement. Defendant and their agents shall not engage in a substantive discussion with any Class Member about whether to submit an Opt-Out Request. If Defendant is asked about the settlement by Class Members, or Class Members inquire of Defendant for advice in opting out or submitting a Claim Form, the Class Member shall be instructed to call the Claims Administrator or Class Counsel.

     **12.2**     Defendant shall retain the right, in the exercise of its sole discretion, to nullify the Settlement if Class Members representing more than an aggregate of 10% of the Eligible Shifts opt out of the Class.

<div align="center">

### XIII.  OBJECTIONS
</div>

     **13.1**     The Notice shall advise Class Members of their right to object to the proposed Settlement. All objections to the Settlement must be filed with the Court no later than forty-five (45) days after the date of mailing of the Notice and must be served upon Class Counsel and Defendant's Counsel. Any Class Member who submits a valid and timely Opt-Out Request is barred from objecting to the Settlement. Class Members who timely file objections to the Settlement may appear at the Final Approval Hearing either in person or through the objector's own counsel, provided the objector has notified the Court, Class Counsel and Defendant's Counsel of his/her intention to appear at the Final Approval Hearing at the time he/she submits his/her written objections. The Parties may file with the Court written responses to any filed objections no later than five (5) court days prior to the Final Approval Hearing.

<div align="center">

### XIV. FINAL APPROVAL HEARING AND ORDER
</div>

     **14.1**     At least sixteen (16) days prior to the Final Approval Hearing (or in accordance with the Court's then-applicable Civil Local Rules or as agreed upon by the Parties and approved by the Court), Plaintiff shall file and serve his Motion for Final Approval of Class Action Settlement, requesting an order from the Court granting final approval of the Settlement as just, fair, equitable, reasonable, adequate and in the best interests of the Class Members, and directing the Parties to carry out the provisions of this Agreement. The Motion shall be heard on or about one hundred and ten (110) days after the execution of this Agreement.

<div align="center">20</div>

STIPULATION OF SETTLEMENT

**14.2**     At or in connection with the Final Approval Hearing, the Parties shall request that the Court enter an Order of Final Approval of Settlement, which shall state that all Class Members who have not submitted a valid and timely Opt-Out Request are bound by the Release of Claims set forth in this Agreement.

## XV. DISTRIBUTION OF SETTLEMENT PAYMENTS TO THE CLASS

**15.1**     Within seven (7) business days after the Effective Date, the Claims Administrator will direct Defendant to pay to the Claims Administrator the amount necessary to fund the QSF, Within seven (7) business days of receiving that notice, Defendant will wire the funds requested by the Claims Administrator into a QSF, or as designated by the Claims Administrator.

**15.2**     Prior to mailing the monetary payments to each Eligible Class Member, the Claims Administrator shall calculate and deduct required withholdings and payroll taxes from each Eligible Class Member's Claim Amount attributable to wages.  The settlement checks to Eligible Class Members shall be prepared and mailed by the Claims Administrator to Eligible Class Members within five (5) business days after receiving the wire transfer of money to fund the QSF from Defendant.  The settlement checks payable to Class Counsel for the attorneys' fees and litigation costs awarded by the Court shall be prepared and mailed by the Claims Administrator to Class Counsel within five (5) business days after receiving the wire transfer of money to fund the QSF from Defendant.

**15.3**     The Claims Administrator shall provide, as appropriate, an IRS Form W-2 and Form 1099 to each Eligible Class Member.

**15.4**     The expiration date of the settlement checks will be ninety (90) days from the date the settlement checks are mailed.  The amount of any settlement checks that are not cashed by Eligible Class Members within ninety (90) days of the date of mailing of the settlement checks shall be donated to Sacramento Court Appointed Special Advocates.

**15.5**     Within fifteen (15) days after the ninety-day expiration period set forth above in section 15.4, the Claims Administrator shall provide to Class Counsel and Defendant's Counsel a verification/declaration signed under penalty of perjury that it has mailed the settlement checks to

21

1  each Eligible Class Member, the amount of any uncashed funds, if any, and final disposition of all

2  funds under this Agreement or as otherwise approved by the Court.

## XVI. RELEASE OF CLAIMS BY CLASS MEMBERS

Upon the Effective Date of this Agreement:

**16.1**    All Class Members (and their assigns, heirs, successors and personal representatives) who have not submitted a timely and valid Opt-Out Request, regardless of whether they submitted a Claim Form, effectively release the Released Parties from the Released Claims. With respect to the Released Claims only, Class Members (and their assigns, heirs, successors and personal representatives) shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, any Released Claim against Defendant during the Class Period. Although the Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the respective Released Claims, upon the occurrence of the Effective Date Class, Class Members shall be deemed to have fully, finally, and forever settled and released any and all of the Released Claims during the Class Period, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Each and every Class Member who has not submitted a timely and valid Opt-Out Request shall be permanently enjoined and forever barred from prosecuting any and all Released Claims against the Released Parties.

**16.2**    With respect to the Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code to the extent that it is

22

1    applicable to the Released Claims (or any other similar provision under federal, state or local law

2    to the extent any such provision is applicable), which is quoted below.  Section 1542 provides:

3                    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
                     WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
4                    EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
                     THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
5                    HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
                     WITH THE DEBTOR.
6

7             Thus, subject to and in accordance with the provisions of this Agreement, even if the

8    Plaintiff and/or the Class Members may hereafter discovery facts in addition to or different from

9    those which they now know or believe to be true with respect to the subject matter of Plaintiff's

10   Released Claims, Plaintiff and Class Members, upon the Effective Date, shall be deemed to have

11   and by operation of the Final Judgment shall have fully, finally, and forever settled and released

12   any and all of Plaintiff's Released Claims.  This is true whether Plaintiff's Released Claims are

13   known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

14   concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity

15   now existing or coming into existence in the future, including, but not limited to, conduct which is

16   negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard

17   to the subsequent discovery or existence of such different or additional facts.

18                            **XVII. CIRCULAR 230 DISCLAIMER**

19        **17.1**       Each of the Parties acknowledges and agrees that (1) no provision of this

20   Agreement, and no written communication or disclosure between or among the Parties or their

21   Counsel and other advisers is or was intended to be, nor shall any such communication or

22   disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United

23   States Treasury Circular 230 (31 CFR part 10, as amended); (2) each Party (a) has relied

24   exclusively upon his, her or its own, independent legal and tax advisors for advice (including tax

25   advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the

26   recommendation of any other Party or any Counsel or advisor to any other Party, and (c) is not

27   entitled to rely upon any communication or disclosure by any other Counsel or advisor to any

28

                                            23

STIPULATION OF SETTLEMENT

other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or advisor to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or advisor's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.

## XVIII. CONFIDENTIALITY OF SETTLEMENT

**18.1** .    The Parties shall keep the terms and conditions of this Settlement confidential until this Agreement is lodged with the Court. The Parties acknowledge and agree that neither they nor Class Counsel or Defense Counsel will issue any press release or initiate any contact with the press, disclose to the press the fact or terms of the Settlement, or respond to any press inquiry concerning the Settlement except to acknowledge that the Action has been settled.  The website maintained by Class Counsel shall not contain any information regarding the value or amount of the Settlement or any other term of the Settlement; nor shall it link or refer to any other website that does disclose such information.

**18.2**    Any communication about the Settlement with Class Members prior to the Court-approved Notice Packet being sent by the Claims Administrator will be limited to a general statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved Notice.

## XIX. NO EFFECT ON EMPLOYEE BENEFITS

**19.1**    The Claim Amounts paid to Eligible Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Class Members.  The Parties agree that any monetary settlement payments to Eligible Class Members under the terms of this Agreement do not represent any modification of Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.  Any amounts paid to former employees of Defendant pursuant to this Agreement shall not be considered "compensation" in any year for purposes of

24

1   determining eligibility for, or benefit accrual within, an employee pension benefit plan or

2   employee welfare benefit plan sponsored by Defendant.

3                                   **XX. NOTICE TO COUNSEL**

4       **20.1**      All notices, requests, demands and other communications required or permitted to

5   be given pursuant to this Agreement shall be in writing and shall be delivered personally or

6   mailed, postage prepaid, by first-class United States mail, to the undersigned persons at their

7   respective addresses as set forth herein:

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| Anthony M. Perez, Jr.<br>Perez Law Office<br>455 Capitol Mall, Suite 225<br>Sacramento, CA 95814<br>(916) 441-0500 | Gregory G. Iskander<br>Littler Mendelson, P.C.<br>Treat Towers<br>1255 Treat Blvd., Suite 600<br>Walnut Creek, CA 94597<br>(925) 932-2468 |

14                            **XXI. MISCELLANEOUS PROVISIONS**

15       **21.1**      This Agreement may not be modified or amended, except in a writing signed by the

16   Parties and their respective Counsel, and as approved by the Court, if necessary.

17       **21.2**      This Agreement, including the Exhibits referenced herein (which form an integral

18   part hereof), constitutes the entire agreement between the Parties with respect to the subject matter

19   contained herein. Except as expressly provided herein, this Agreement has not been executed in

20   reliance upon any other oral or written representations or terms, and no such extrinsic oral or

21   written representations or terms shall modify, vary or contradict the Agreement's terms. In

22   entering into this Agreement, the Parties agree that this Agreement is to be construed according to

23   its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be

24   construed as a whole according to its fair meaning and intent, and not strictly for or against any

25   party, regardless of who drafted or who was principally responsible for drafting this Agreement

26   and/or any specific term or condition contained herein.

27

28

STIPULATION OF SETTLEMENT

**21.3**    Plaintiff and Defendant participated in the negotiation and drafting of this Agreement and each had available the advice and assistance of their respective independent counsel. As such, neither Plaintiff nor Defendant may claim that any ambiguity in this Agreement should be construed against the other.

**21.4**    This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of California, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, or shall be interpreted and enforced, as applicable, in accordance with the laws of the United States.

**21.5**    Any failure of any Party, Defense Counsel, and/or Class Counsel to comply with any obligation, covenant, agreement, or condition of this Agreement may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties and their respective Counsel entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon strict compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.

**21.6**    None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party, Eligible Class Member, Class Counsel, or Defense Counsel without the express written consent of each other Party and their respective Counsel hereto.  The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

**21.7**    This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, and exchanged by facsimile, pdf, email or photocopy, each of which shall be deemed an original of this Agreement.

**21.8**    This Agreement is binding upon the Parties to this Agreement, and shall inure to the benefit of their respective predecessors, successors, shareholders, officers, directors,

STIPULATION OF SETTLEMENT

1  employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees,

2  executors, partners, parents, subsidiaries, and privies, and upon Class Members who do not opt-

3  out of this Action.

4      **21.9**    The Parties acknowledge that they have been represented by Counsel throughout all

5  negotiations that preceded the execution of this Agreement and that this Agreement has been

6  executed with the consent and advice of their respective Counsel.

7      **21.10**   Counsel for Plaintiff, identified below, warrant and represent that they are

8  expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken

9  pursuant to this Agreement in order to effectuate its terms. Counsel for Defendant warrants and

10  represents that it is authorized to take all appropriate action required or permitted to be taken by

11  Defendant pursuant to this Agreement in order to effectuate its terms.

12      **21.11**   Subject to Court approval, the Parties will adhere to the following schedule:

| Event | Timing |
|---|---|
| Defendant provides list of Class Members to the Claims Administrator. | 15 days after approval of the Notice Packet by the Court |
| Claims Administrator mails Notice Packet to Class Members. | 21 days after approval of the Notice Packet by the Court |
| Objection filing deadline | 45 days after mailing of Notice by Claims Administrator |
| Claims Period/Requests for Exclusion Deadline. | 45 days after mailing of Notice by Claims Administrator |
| Final Approval Hearing. | Approximately 110 days after approval of the Notice Packet by the Court |
| Claims Administrator mails checks to Eligible Class Members, Plaintiff and Class Counsel. | 15 days after the Effective Date |
| Claims Administrator submits declaration of mailing checks to Eligible Class Members. | 30 days after Effective Date |

27

STIPULATION OF SETTLEMENT

## XXII. CONTINUING JURISDICTION

22.1     The Parties agree that upon the occurrence of the Effective Date, this Agreement shall be enforceable by the Court and the Court shall retain jurisdiction over the Parties and the Class Members to enforce the terms, conditions and obligations of the Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: ~~July~~ June 30, 2015

PEREZ LAW OFFICES

_____
Anthony M. Perez, Jr.
Attorneys for Plaintiffs


Dated: ~~July~~ June 3, 2015

LITTLER MENDELSON, P.C.

_____
Gregory G. Iskander
Attorneys for Defendant,
SIEMENS INDUSTRY, INC.

28

STIPULATION OF SETTLEMENT