UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JARRID WHITLEY**, on behalf of all others similarly situated, | Case No.: 2:14-cv-00099 MCE-DAD |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | |
| **SIEMENS INDUSTRY, INC.**, also doing business as and referred to as **SIEMENS USA, SIEMENS CORPORATION,** and **SIEMENS,** and DOES 1-100, inclusive, | Date:   October 1, 2015<br>Time:   2:00 p.m.<br>Judge:  Hon. Morrison C. England, Jr.<br>Courtroom: 7 |
| Defendants. | |

**FINAL JUDGMENT**

On May 22, 2014, the **Parties**[1] to this **Class Action** reached a tentative **Settlement** and they advised the **Court** of the **Settlement**. On June 1, 2015 the **Court** Ordered the Enforcement of the Settlement. Subsequently, the **Parties** submitted a detailed written **Stipulation** with attached Exhibit 1. The **Court** directed the **Parties** to provide **Notice** of the proposed **Settlement** to the potential **Class Members** and scheduled a further hearing to determine whether the

---

[1] The definitions for all capitalized, bold terms can be found in the **Class Action Stipulation** of **Settlement** referred to herein as the "**Stipulation**."

proposed **Settlement** request for **Plaintiff's Attorney Fees** and **Plaintiff's** expenses are fair, reasonable, and adequate.

B. On October 1, 2015, the **Court** scheduled a **Final Settlement** hearing to determine: (i) whether the **Action** should be finally certified as a **Class Action** solely and exclusively for **Settlement** purposes; (ii) whether the proposed **Settlement** should be given **Final** approval as fair, reasonable and adequate and in the best interests of each of the **Parties** and the **Settlement Class Members**; (iii) whether a **Final Judgement** should be entered as required by the **Stipulation**; (iv) whether the **Settlement Class Members** should be bound by the release of claims set forth in the **Stipulation**; (v) whether a **Class Representative Enhancement** award should be made to **Plaintiff** as set forth in Part III.I of the **Stipulation**; (vi) the amount of **Plaintiff's Attorney** award of **Plaintiff's Attorney's Fees** and costs, including Class Action Administrator Fees of $13,500.00; and (vii) any other matter that may be relevant to the **Settlement**. Anthony M. Perez appeared for the **Plaintiff** and the **Class**. Gregory G. Iskander appeared on behalf of the **Defendant**.

C. Zero putative **Class Members** timely requested exclusion from the **Settlement Class** and zero objections were filed with respect to the proposed **Settlement.** Consequently the Court took the matter under submission and vacated the October 1, 2014 hearing.

D. After reviewing the pleadings and evidence filed in support of the request for **Final** approval of the **Settlement** and the requests for awards of Plaintiff's **Attorney's Fees**, **Plaintiff's** Expenses and the **Class** Representative **Enhancement**, the **Court** finds, and

**IT IS SO ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

1. The **Court** has personal jurisdiction over all **Class Members** and **Defendant**, and the **Court** has subject matter jurisdiction to approve the **Stipulation** (including all Exhibits thereto).

2. The **Stipulation**, including the definitions applicable to the **Stipulation**, is incorporated by reference into this **Final Judgment**.

**FINAL JUDGMENT**
2

FINAL JUDGMENT

3. The **Court** finds that the **Stipulation** and proposed **Settlement** were reached after arm's-length negotiations between the **Parties**, including a full-day mediation session before an impartial, respected and experienced mediator; the proposed **Settlement** was concluded only after counsel for the **Parties** had conducted adequate discovery and investigation; and the **Settlement** of the **Action**, as embodied in the terms of the **Stipulation**, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, and United States Constitutions (including the due process clauses), the California Rule of **Court** and any other applicable law, and in the best interests of the **Parties** and the **Class Members**.

4. Solely for the purpose of **Settlement**, the **Court** finally certifies the following **Class**:

All current and former non-exempt California employees of Siemens who were employed by Siemens, in the State of California with responsibility related to production at the Siemens Rail System Plant located at 7464 French Road, Sacramento, California at any time during the Class Period.

5. The above **Class** is certified for **Settlement** purposes only, and the certification should not be construed as an admission by **Defendant** with respect to any of the allegations made against it in this **Action** by or on behalf of the **Members** of the **Settlement Class**.

6. The **Court** appoints Jarrid Whitley as **Class Representative**.

7. The **Court** appoints Anthony M. Perez, Jr. as counsel for the **Class**.

8. The **Court** appoints CPT Group, Inc. as Claims Administrator.

9. The **Court** finds that:

a. the above-described **Class** contains **Members** so numerous that the joinder of all of them is impracticable;

**FINAL JUDGMENT**
3

FINAL JUDGMENT

b. there are questions of law or fact common to the above-described **Class**;

c. the claims of the **Class Representative** are typical of the claims of the **Class** that **Plaintiff** seeks to represent; and

d. the **Class Representative** and **Plaintiff's Attorney** has fairly and adequately protected the interests of the above-described **Class**.

10. The **Parties** and their counsel are ordered to implement and to consummate the **Stipulation** according to its terms and provisions.

11. The **Notice** and the **Notice** methodology implements pursuant to the **Stipulation** (i) constituted the best practicable **Notice**; (ii) constituted **Notice** that was reasonably calculated, under the circumstances, to apprise **Class Members** of the pendency of the **Action**, their right to object to or exclude themselves from the proposed **Settlement** and their right to appear at the **Final Settlement** Hearing; (iii) were reasonable and constituted, adequate and sufficient **Notice** to all persons entitled to receive **Notice**; and (iv) met all applicable requirements of the California Code of Civil Procedure, the California and United States Constitutions (including the Due Process Clauses), the California Rules of **Court** and other applicable law.

12. The **Action** is dismissed with prejudice, without an award of **Fees**, costs or expenses to any party except as provided in the **Stipulation**.

13. The terms of the **Stipulation** and the **Final Judgment** are binding on Plaintiff and all other **Settlement Class Members**, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this **Action** as

provided by the **Stipulation**.

14.     Pursuant to Part III.C. of the **Stipulation**, **Plaintiffs** and all **Settlement Class Members** are deemed to have conclusively released all rights, claims, complaints or causes of **Action** against **Defendant** and its parents, predecessors, all affiliates, subsidiaries, officers, directors, agents, employees, and stockholders, based on the **Stipulated Class Settlement Release of Claims**, and forever discharging **Defendant** and the **Released Parties** from such rights, claims, complaints or causes of **Action**, set forth in the release incorporated in the **Stipulation and Settlement Agreement**.  Such release is effective as the execution of this Order.

15.     **Plaintiffs** and all **Settlement Class Members** and any person or entity acting on their behalf, or permanently barred and enjoined from (i) filing, commencing, prosecuting, intervening in, participating in (as **Class Members** or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal **Court**, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on **Settlement Class Released Claims** in this **Action**; and (ii) organizing such non-excluded **Class Members** into a separate **Class** for purposes of pursuing as a purported **Class Action** (including by seeking to amend a pending complaint to include **Class** allegations, or by seeking **Class** certification in a pending **Action**) any lawsuit based on the **Settlement Class Released Claims** in this **Action**.

16.     The **Parties** are authorized, without further approval from the **Court**, to agree to and to adopt such amendments, modifications and expansions of the **Stipulation** and all exhibits attached thereto which (i) are consistent with this **Final Judgment**, and (ii) do not limit the rights of **Class Members** under the **Stipulation**.

17.     The **Court** grants a **Class Representative Enhancement** award of $7,500.00 to Jarrid Whitley. This request is justified in light of the following facts: (1) Plaintiff spent numerous hours conferring with **Plaintiff's Attorney**, reviewing documents, interviewing witnesses, gathering evidence, formulating discovery requests, responding to discovery, and

preparing for and participating in a mediation; (2) Plaintiff's efforts resulted in a favorable result for the **Class**; and (3) **Defendant** did not oppose the request. The **Class** Representative **Enhancement** will be paid to **Plaintiff** in accordance with the terms of the **Stipulation**.

18. The **Court** grants Plaintiff's **Attorney** request for an award of **Plaintiff's Attorney's Fees** in the amount of $277,200.00 and Plaintiff's Expenses, including CPT Class Administration costs in the amount of $54,746.00. **Plaintiff's Attorney** request an award of reasonable **Attorney's Fees** and costs justified in light of the following facts: (1) **Plaintiff's Attorney** vigorously prosecuted this case and achieved a favorable result for the **Class**; (2) the legal issues were novel and complex; (3) **Defendant** did not oppose the request; and (4) such other bases as offered by Plaintiff's **Attorney**. The **Attorney's Fees** and costs shall be paid by the Claims Administrator in accordance with the terms of this **Judgment**.

19. Without affecting the **Finality** of the **Final Judgment**, the **Court** shall retain continuing jurisdiction over the **Action**, and the **Parties** and **Settlement Class**, and the administration and enforcement or implementation of the **Settlement** shall be presented by motion to the **Court**; provided however, that nothing in this paragraph shall restrict the ability of the **Parties** to exercise their rights hereunder.

IT IS SO ORDERED

Dated: October 5, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

**FINAL JUDGMENT**
6

FINAL JUDGMENT