UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARRID J. WHITLEY, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY, INC., also doing business as and referred to as SIEMENS USA, SIEMENS CORPORATION, and SIEMENS, and DOES 1-100, inclusive,<br><br>Defendants. | No. 14-cv-00099-MCE-DAD<br><br>**ORDER** |

The parties settled this class action and the Court entered final judgment on October 7, 2015. ECF No. 40. The Court has received and reviewed the filing from class member Gary Schaffer. ECF No. 42. The first page of that filing is a letter that explains Schaffer received a distribution check from the claims administrator and was "shocked to see how little [he] had received." Schaffer contends that although he worked 135 eligible shifts, his distribution check was based on having worked only forty-five eligible shifts. Schaffer suggests that the claims administrator's use of inaccurate "eSlic" records is the cause of the discrepancy. He requests that the Court "re-open this

///

case and subpoena the computer clocking system records," which are more accurate than the "eSlic" records.

The settlement agreement[1] states: "All disputes regarding the number of Eligible Shifts worked by a Class Member or the calculation of a Class Member's Claim Amount will be resolved and decided by the Claims Administrator and the Claims Administrator's decision on all such disputes will be final and not subject to appeal." ECF No. 30 at 16. The settlement further explained:

> If for any reason a Class Member disagrees with Defendant's calculation of his or her number of Eligible Shifts, the Class Member shall be provided the opportunity to raise such disagreement and present any supporting documentation to the Claims Administration along with his or her Claim Form. The Claims Administrator, in consultation with Defense Counsel, shall have the authority, based upon the information from Defendant and any information provided by the Class Member to issue a final non-appealable decision with regard to the number of Eligible Shifts worked by the Class Member.

Id. at 19.

Thus, Schaffer's relief lies with the claims administrator, not the Court. Schaffer has not otherwise established a ground for relief under Federal Rule of Civil Procedure 60. This case shall therefore remain closed.

IT IS SO ORDERED.

Dated:  February 12, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] As a class member, Schaffer presumably received the notice mailed to all class members. See ECF Nos. 31 and 33. That notice explained that class members had access to "the complete file, including a copy of the settlement agreement . . . ." ECF No. 31 (Ex. A).